Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, modifies and affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement as:
 STIPULATIONS
1. Plaintiff-employee is Linda Church.
2. Defendant-employer is Dan River Oil Company, Inc.
3. The carrier on the risk at the time of the alleged injury by accident was Federated Mutual Insurance Company.
4. Defendant-employer regularly employed three or more employees and was bound by the Act.
5. The employer-employee relationship existed between defendant-employer and defendant-employee on 10 April 1998, the alleged injury date.
6. The average weekly wage was $285. 00.
***********
 ADDITIONAL EXHIBITS
1. A chart setting forth wages earned by plaintiff was marked as defendant-employers exhibit 1.
2. Copies of checks received by plaintiff were marked as defendant-employers exhibit 2 and received into evidence.
3. A check that was sent to plaintiff, but not endorsed by her, was marked as defendant-employers exhibit 3 and received into evidence.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. This case involves an admittedly compensable claim for a fractured wrist as a result of an injury by accident on 10 April 1998.
2. On 19 April 1998, defendants began paying plaintiff temporary total disability compensation in the weekly amount of $190.00, representing plaintiffs compensation rate.
3. Following medical treatment, including physical therapy, plaintiff was released to return to work on 1 June 1998.
4. Plaintiff was released to return to work with a ten-pound restriction and use of a splint. Defendant-employer offered plaintiff a deli clerk position within this restriction, but plaintiff did not accept the offer because she could not keep her grandchildren at the store during a portion of her work hours. Plaintiffs husband could have kept the children during the hours made available to plaintiff, but he could not or would not do so. While plaintiff may not have desired to work this shift, her refusal was not related to her compensable injury and was unjustified under the circumstances. The proffered position was suitable to plaintiffs skills and physical ability and demonstrated her ability to earn wages competitively.
5. Plaintiff began working as a cashier at Dollar General on 13 November 1998, averaging 18 hours per week at $5. 25 per hour. Plaintiff did not work one week because she was sick, and there were two other weeks when she did not work for unknown reasons.
6. After she began working at Dollar General, plaintiff read and endorsed 10 checks from defendant-carrier, each in the amount of $190.00 and each containing endorsement language as follows: "By endorsing this check, I certify that I have made no false claims or statements or concealed any material facts, and I have not earned or received unreported income from any employment, including self-employment during the time benefits are being claimed. Failure to report employment or income to Federated Insurance may result in civil and/or criminal penalties. This language was sufficient to notify plaintiff that she was not entitled to the benefits paid by the check if she had earned income which had not been reported to Federated Insurance during the relevant time.
7. Plaintiff read the endorsement language before signing the checks and was capable of understanding what she read.
8. An informal hearing was held on 22 January 1999 on defendants Form 24 Application to terminate plaintiffs benefits because of her refusal to accept the deli clerk job offered by defendant-employer. Defendants Form 24 Application was denied.
9. It is undisputed that defendants were not advised at the Form 24 hearing that plaintiff had returned to work at Dollar General. The fact that this information was withheld from defendants tends to indicate that plaintiff intended to conceal the fact that she had returned to work and was earning wages.
10. Plaintiff failed to offer any evidence to rebut defendants prima facie showing that she willfully misrepresented that she was entitled to the benefits paid by the checks.
11. By endorsing benefit checks after 13 November 1998, plaintiff willfully made false statements or misrepresentations that she was entitled to receive the total disability benefits paid by the checks. The fact that plaintiff may have believed that she was entitled to some benefits, i.e., temporary partial benefits, does not excuse plaintiffs willful misrepresentation that she was entitled to total disability benefits. The deputy commissioner found that defendant was entitled to restitution in the amount of $694. 30, representing the overpayment after 13 November 1998, and no error has been assigned to this calculation.
12. Plaintiff reached maximum medical improvement no later than 31 December 1998.
13. As a result of her compensable injury, plaintiff sustained a 2% permanent partial disability to her left arm.
14. Even though plaintiff defended the Form 24 hearing without advising defendants that she had returned to work and was earning some wages, this failure does not constitute stubborn, unfounded litigiousness entitling defendants to attorneys fees. Even if plaintiff had advised defendants on 22 January 1999 that she was earning some wages, and thus was only entitled to temporary partial benefits, defendants likely would have proceeded with a hearing before a deputy commissioner on the issue of whether plaintiffs refusal to accept the deli clerk job was unjustified.
15. Plaintiff did not engage in stubborn, unfounded litigiousness in defending the hearing before the deputy commissioner.
16. Because of plaintiffs unjustified refusal to accept the proffered deli clerk position, defendants made overpayments in an amount up to $190.00 per week for the time period beginning 1 June 1998 until 22 January 1999.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. As a result of plaintiffs unjustifiable refusal of suitable employment offered by defendant-employer, plaintiffs compensation is suspended as of 1 June 1998 during the period of refusal. G.S.97-32.
2. Plaintiff willfully made a false statement or misrepresentation of a material fact for the purpose of obtaining benefits or payments under the Act, and defendant-carrier is entitled to restitution in the amount of $694. 30. G.S. 97-88.2.
3. Industrial Commission Rules 901 through 903, effective 1 June 2000, do not apply to this case. The absence of proof of a "notice such as now required under Rule 902 does not preclude a finding that plaintiff knowingly and willfully accepted benefits to which she was not entitled.
4. Defendant-carrier is not entitled to recover its attorneys fees from plaintiff. G.S.97-88.1.
5. Under the Act, plaintiff is entitled to receive $190.00 per week for 4. 8 weeks for her permanent partial disability to her left arm; however, as plaintiff has already received an overpayment of benefits in excess of this amount, she is not entitled to recover this amount from defendants. G.S. 97-31.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff shall make restitution in the amount of $694. 30 to defendant-carrier.
2. The parties shall share the costs, including the $250.00 in expert witness fees to Dr. McGee.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING IN RESULT ONLY:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER